UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIPE B. NATIVIDAD, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RESMAE MORTGAGE CORPORATION, et al.,<br><br>  Defendants. | Case No.  5:15-cv-02359-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

The instant action related to real property located in San Jose, California, was initiated by Plaintiffs Felipe B. Natividad and Diana O. Natividad ("Plaintiffs") in Santa Clara County Superior Court on August 25, 2014, against several defendants. Two of them, Defendants U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-HE3, Asset-Backed Pass-Through Certificates, Series 2006-HE3, and Mortgage Electronic Registration Systems, Inc. ("Defendants") removed the action to this court on May 27, 2015. Presently before the court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket Item No. 11. The motion is unopposed.[1]

---

[1] The court issued an order to show cause ("OSC") requiring Plaintiffs to explain their inaction after they failed to file an opposition to the Motion to Dismiss and failed to participate in a telephone conference with the court's ADR Unit. See Docket Item No. 17. Plaintiffs retained counsel and filed a return in which they explain that they failed to take further action after filing the Complaint because an unidentified realtor told them that their bankruptcy action stayed this case. See Docket Item No. 19. The court has serious doubts about the veracity of Plaintiffs' explanation given their experience with the bankruptcy system. Also notable is the fact they were represented by counsel for each of their bankruptcy proceedings, thereby obviating any need to resort to a realtor's legal advice. Moreover, Plaintiffs apparently made no inquiry of the status of this case after receiving documents from both Defendants and the court, even if they actually believed it was stayed.

1
Case No.: 5:15-cv-02359-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1      This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully considered Defendants' arguments, the court finds, concludes and orders as follows:

   1.   Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.  When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

   In addition, the court must generally accept as true all "well-pleaded factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  Id.  Nor must the court assume the truth of "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536

---

In any event, the court finds that dismissal for lack of prosecution is unwarranted since Plaintiffs responded to the OSC.  Accordingly, the OSC issued on August 26, 2015, is DISCHARGED.  However, the court will not permit Plaintiffs to file what would be a seriously untimely opposition to the Motion to Dismiss.

F.3d 1049, 1055 (9th Cir. 2008).

2. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Aside from preventing inconsistency, the Ninth Circuit applies this discretionary equitable doctrine out of "'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

3. While "[c]ourts have observed that 'the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle,'" (New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)), three non-exhaustive factors are routinely considered: (1) whether the party's later position is "clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Hamilton, 270 F.3d at 782-83 (citing New Hampshire, 532 U.S. at 750-51).

4. "The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." Id. at 783. Thus, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Id. This is because "[t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." Id. at 785. Indeed, "[w]here a debtor files successive petitions and obtains successive stays without full disclosure of all assets, the debtor derives an unfair advantage if he can later recover on undisclosed claims, and the bankruptcy

system is laid bare for abuse." HPG Corp. v. Aurora Loan Servs., 436 B.R. 569, 578 (E.D. Cal. 2010).

5.      Defendants have demonstrated why Plaintiffs' claims are barred by judicial estoppel. As the Complaint reveals, this action is based on conduct which occurred during the loan origination process, as well as the subsequent securitization of the loan and ensuing initiation of foreclosure proceedings. The Financial Analysis Securitization Title Report demonstrates that these events occurred in 2006 and 2009. Accordingly, Plaintiffs were required to disclose the instant claims in each of the three bankruptcy actions they initiated, either separately or together, in 2012, 2013 and 2014. See 11 U.S.C. 541(a)(1) (providing that the bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor."); Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 384-85 (9th Cir. 2008) ("Pursuant to the Bankruptcy Code, debtors are under a continuing duty to disclose all pending and potential claims."). They did not do so. See Req. for Judicial Notice, Docket Item No. 12, at Exs. G, H, L, M.[2]

6.      Instead, as the bankruptcy court dockets demonstrate,[3] what Plaintiffs did is initiate and then cause to be dismissed three bankruptcy cases, back to back, over the span of three years. The first case, 12-55334, was initiated by Plaintiffs on July 19, 2012, and dismissed on May 13, 2013. The second case, 13-56125, was initiated by Felipe Natividad on November 25, 2013, and dismissed on February 27, 2014. The third case, 14-51333, was initiated by Plaintiffs on March 28, 2014, and then dismissed on August 25, 2014. The necessary implication that arises from this pattern of opening bankruptcy cases *ad seriatim* is that Plaintiffs never actually intended to use the bankruptcy process to restructure their finances. If they did, they would not have allowed their cases to be dismissed. In reality, what is apparent is that Plaintiffs wanted to advantage themselves of the automatic bankruptcy stay, which they did for three years. But Plaintiffs cannot do that and then pursue claims against creditors that they were obligated to disclose several times

---

[2] The Request for Judicial Notice is GRANTED. See Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689 ("[A] court may take judicial notice of 'matters of public record.'")

[3] The court also takes judicial notice of the bankruptcy court dockets in Case Nos. 12-55334, 13-56125 and 14-51333.

4
Case No.: 5:15-cv-02359-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

previously.  Such a practice is certainly an example of "playing fast and loose with the courts" and cannot be tolerated.

Thus, the court finds under these circumstances that Plaintiffs' claims are barred by judicial estoppel.  Accordingly, Defendants' Motion to Dismiss is GRANTED and the Complaint is DISMISSED WITHOUT LEAVE TO AMEND.  Judgment will be entered in favor of Defendants and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  September 17, 2015



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:15-cv-02359-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS